The Honorable Ricardo S. Martinez

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CESAR ARAMBULA, et al.,<br><br>Defendants. | NO. CR21-107 RSM<br><br>JOINT MOTION TO CONTINUE TRIAL DATES<br><br>Noting Date: August 20th, 2021 |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRESENCIO MORENO AGUIRRE, et al.,<br><br>Defendants. | NO. CR21-108 RSM |

Joint Motion to Continue Trial Date - 1
*U.S. v. Arambula, et al..*; *U.S. v. Moreno Aguirre, et al.*; *U.S. v. Hawkins; U.S. v. Abercrombie*; *U.S. v. Flores Serna*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| UNITED STATES OF AMERICA, | NOS.  CR21-5213 RSM |
| Plaintiff, | CR21-117 RSM |
| | CR21-5251 RSM |
| v. | |
| KENDLE RASHEN HAWKINS, EDWARD L. ABERCROMBIE, and HUMBERTO FLORES SERNA, | |
| Defendants. | |

## I.      INTRODUCTION

The parties set forth below, by and through their respective attorneys of record, respectfully move this Court to continue the trial dates in these related cases to June 6, 2022. The parties further move this Court to set a status conference for November 9, 2021, at which time the Court should set a pretrial motions cutoff date as well as any appropriate scheduling order.

## II.      BACKGROUND

### A.      The Investigation.[1]

These cases arise from a 20-month investigation, led by the FBI, into drug trafficking and gun crimes in the region. Over the course of the investigation, FBI agents and their law enforcement partners arranged controlled buys of drugs from individuals, debriefed a number of informants, conducted hundreds of hours of surveillance, obtained and executed dozens of search warrants, tracking warrants, pen register and trap and trace orders, and other process. The government also obtained authorization four times to intercept a series of cell phones. The investigation culminated with the execution of

---

[1] The background facts are based on the government's allegations in these cases, and are provided solely to give the Court context for the motion to continue the trial date. The defendants do not, by joining this motion, agree that the government's allegations are true, and all of the defendants have entered pleas of not guilty.

Joint Motion to Continue Trial Date - 2
*U.S. v. Arambula, et al.; U.S. v. Moreno Aguirre, et al.; U.S. v. Hawkins; U.S. v. Abercrombie; U.S. v. Flores Serna*

1  numerous search warrants on locations, vehicles, and persons over the last three and a

2  half months.

3       **B.      The Indictments.**

4       On March 31, 2021, a grand jury sitting in this District returned four related

5  indictments charging 19 people with a variety of drug trafficking and firearm charges.

6  Each of the four indictments—*United States v. Calvert-Majors, et al.*, CR21-053 RSM,

7  *United States v. Lumumba-Olabisi, et al.*, CR21-056 RSM, *United States v. Snipes, et al.*,

8  CR21-057 RSM, and *United States v. McGee, et al.*, CR21-058 RSM—explicitly

9  referenced the other three indictments returned the same date as involving co-

10 conspirators. While the evidence demonstrated that each of the nineteen defendants were

11 part of the same conspiracy, for administrative reasons, the government presented

12 separate indictments.

13      On the same day, law enforcement obtained more than 80 search warrants for

14 locations, vehicles, and individuals involved in this investigation. The warrants were all

15 executed on April 7, 2021. Most of the nineteen charged individuals were also arrested

16 that day (two in other jurisdictions), and the remainder turned themselves in over the next

17 few days. Additionally, based on evidence located during the execution of those warrants,

18 law enforcement arrested five people—Ezell,[2] Clemente, Jordan, Evans, and Daniels—on

19 probable cause, and complaints were filed against them the same day. A grand jury

20 returned separate indictments against those five individuals on April 14, 2021. They were

21 each charged in standalone indictments not because the conduct was separate from the

22 conspiracy charged in the first four indictments—it was not—but because of time

23 constraints in preparing for a grand jury presentation and the fact that not all of the

24 reports from the search warrants had yet been received and reviewed. All of the 24

25 defendants initially charged have had their Initial Appearance, and all have been

26

27

28 _____

[2] Ezell also has a pending supervised release violation as a result of his arrest arising from this investigation.

Joint Motion to Continue Trial Date - 3
*U.S. v. Arambula, et al..*; *U.S. v. Moreno Aguirre, et al.*; *U.S. v. Hawkins; U.S. v. Abercrombie*; *U.S. v. Flores Serna*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

arraigned. The cases were all assigned to the Honorable Ricardo S. Martinez.[3] A discovery coordinator has been appointed in all nine cases. The matters are currently set for trial in June 2022.

On June 23, 2021, the government obtained another three indictments charging an additional 13 individuals with drug and gun crimes related to this same conspiracy and arising from the same investigation.

In particular, Hawkins was identified as a drug supplier associated with this conspiracy based on confidential source reporting that identified him as a source of supply for Kenneth Lee, charged as a co-conspirator in *United States v. Lumumba-Olabisi et al.* He was arrested in possession of approximately 50,000 fentanyl pills and five firearms and is charged in a stand-alone indictment.[4]

The other two indictments—*Arambula* and *Moreno Aguirre*—charge each of the twelve defendants named therein with conspiracy, and explicitly reference the original four indictments returned on March 31 and the other conspiracy indictment returned on June 23 as involving co-conspirators. Again, while the evidence demonstrated that each of the twelve newly charged defendants were part of the same conspiracy as each other and as the original nineteen defendants, for administrative reasons, the government presented separate indictments.

On June 28, 2021, the government obtained 48 search warrants authorizing the search of locations, vehicles, and persons related to this investigation. These warrants were simultaneously executed on June 30, 2021. Most of the twelve newly charged defendants were arrested the same day; Hawkins was already in custody. Two defendants remain at large. Additionally, based on evidence located during the execution of those

---

[3] The matters were initially all reassigned to the Honorable Richard A. Jones, as that Court had the case with the earliest cause number. However, when Judge Jones recused himself, all matters were re-assigned to Judge Martinez, who was the assigned judge on Ezell's prior case, which now also involves a related supervised release violation.
[4] Based on the location of Hawkins' arrest, this matter was initially assigned to Tacoma.  It has since been re-assigned to the Honorable Ricardo S. Martinez in Seattle.

Joint Motion to Continue Trial Date - 4
*U.S. v. Arambula, et al.*.; *U.S. v. Moreno Aguirre, et al.*; *U.S. v. Hawkins; U.S. v. Abercrombie*; *U.S. v. Flores Serna*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

warrants, law enforcement arrested two people—Abercrombie and Flores Serna[5]—on probable cause, and complaints were filed against them the same day. A grand jury returned separate indictments against those two individuals on July 14, 2021. Again, they were each charged in standalone indictments not because the conduct was separate from the conspiracy charged in any of the earlier indictments—it was not—but because of time constraints in preparing for a grand jury presentation and the fact that not all of the reports from the search warrants had yet been received and reviewed.

At this time, 13 of the 15 newly charged individuals have made their Initial Appearance in this Court and been arraigned. All of these defendants have counsel, whether appointed or retained. The other two—Jorge Aguilar Duran and Cresencio Moreno Aguirre—have not yet been arrested by law enforcement, despite attempts to locate them and effectuate those arrests.

## III.     STATUS OF DISCOVERY

### A.     Discovery Provided to Date

With respect to the more recently charged group of fifteen individuals named in this motion, the government has already produced to all counsel—at the time of Initial Appearance or as soon thereafter as counsel was appointed—all of the core discovery relating to Title III interceptions. This includes the pleadings, intercepted sessions (audio, text message, and MMS/internet data) as well as the related linesheets. The government has also produced pertinent FBI and related reports; search warrants, tracking warrants, pen register/trap and trace orders, and similar process; photographs and evidence logs from search warrants executed prior to June 30, 2021; and the search warrant materials for the warrants executed on June 30, 2021. Individual discovery was also provided to each defendant, which includes both defendant-specific discovery (e.g., a defendant's criminal history) that were produced only to that defendant, and key documents pertinent

---

[5] Based on the location of Flores Serna's arrest, this matter was initially assigned to Tacoma. It has since been re-assigned to the Honorable Ricardo S. Martinez in Seattle.

Joint Motion to Continue Trial Date - 5
*U.S. v. Arambula, et al..; U.S. v. Moreno Aguirre, et al.; U.S. v. Hawkins; U.S. v. Abercrombie; U.S. v. Flores Serna*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  to that defendant (e.g., reports of surveillance or execution of a search warrant, pertinent
2  linesheets) that were also provided to all defendants.

3      In total, the government already produced more than 16,000 pages of discovery to
4  this set of defendants, not including individual discovery.

5      **B.      Discovery to Be Produced.**

6      The government is currently working to produce a significant amount of discovery
7  currently in its possession from the FBI. This discovery includes additional search
8  warrants, surveillance photographs, pole camera video, PRTT and tracking data, the
9  downloads from numerous phones and other digital devices, and similar material. The
10 government is also in the process of obtaining and organizing additional material from
11 the execution of the search warrants on June 30, 2021, including reports, recordings of
12 statements, evidence logs, photographs, related warrants, and the download of many
13 digital devices. This forthcoming discovery is likely larger in size than the volume of
14 material already produced, as well as approximately eight terabytes of footage taken by
15 pole cameras at multiple locations.

16     This Court has appointed Russ Aoki as a discovery coordinator in the earlier,
17 related cases (*Calvert-Majors*, *Lumumba-Olabisi*, *Snipes*, *McGee*, *Ezell*, *Clemente*,
18 *Jordan*, *Evans*, and *Daniels*) to assist those defendants in processing the large volume of
19 data. The government anticipates that defendants will request a similar appointment in
20 the above-captioned cases and, in the event Mr. Aoki is appointed, the government will
21 work with him as necessary to make sure discovery is provided in an organized and
22 accessible manner. Additionally, the government has circulated a draft agreed protective
23 order to address sensitive materials that will be produced; so far, counsel for twelve of the
24 defendants have expressed approval. The government anticipates filing an agreed motion
25 for a protective order in the coming weeks.

26
27
28

Joint Motion to Continue Trial Date - 6
*U.S. v. Arambula, et al..*; *U.S. v. Moreno Aguirre, et al.*; *U.S. v. Hawkins; U.S. v.*
*Abercrombie*; *U.S. v. Flores Serna*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV.    BASIS FOR CONTINUANCE AND AUTHORITY

### A.    Most Parties Agree That a Continuance Is Necessary.

On July 14, 2021, the government sent a letter to all counsel providing information about the discovery already provided, anticipated productions, and other discovery-related issues. The government also began a conversation with defense counsel about a realistic trial date for these related cases, suggesting that spring 2022 was probably reasonable in light of the volume of discovery, the number of defendants, and defense counsels' backlog of trials due to the pandemic and related courthouse closures. Since that time, the government has spoken with counsel for every one of the 13 defendants who have made an appearance on the charges against them, and there is broad agreement that a continuance is necessary in light of these considerations; further, nearly all attorneys agree that a continuance to June 2022 is an appropriate and realistic date. Moreover, the nine additional related cases are all scheduled for trial on June 6, 2022, and these matters should be set for the same date, as the government will likely move to join or seek a superseding indictment for any defendants who remain in the case at that time. Below is a list of all defense counsel who agree to a continuance and the defendant that the attorney represents; any caveat to their agreement to a continuance of this length is included in a footnote.

| Counsel | Defendant |
|---|---|
| *United States v. Arambula, et al.* | |
| Arturo Menéndez[6] | Cesar Arambula |
| Cathy Gormley | Raul Barreto Bejines |
| *United States v. Moreno Aguirre, et al.* | |
| Karen Unger | Rafael Ramirez |
| Jennifer Horwitz & Fatima Dilek | Samuel Duarte Avila |

---

[6] Arambula has filed a motion to substitute counsel, requesting that his CJA-appointed counsel, Kenneth Therrien, be replaced with retained counsel, Mr. Menéndez. This motion remains pending, but both counsel have indicated that they are in agreement with the proposed continuance.

| Robert Goldsmith | Sergio Reyes-Pina |
|---|---|
| Emma Scanlan | Elyas Mohamed Kerow |
| Richard Smith | David William Armer |
| Gregory Lee Scott | Brett David Radcliff |
| Robert Flennaugh | Herbert Dean Scott, Jr. |
| Laurence Tran | Viet Phi Nguyen |
| Single Defendant Cases ||
| Timothy Rusk[7] | Kendle Rashen Hawkins |
| Nicholas Andrews | Humberto Flores Serna |

**B.      Non-Agreeing Defendants**

One defendant, Edward L. Abercrombie, does not join the motion to continue. Abercrombie is charged in a stand-alone indictment and detained pending resolution of the charges against him, and he opposes any continuance whatsoever.  Paula Olson, who represents Abercrombie, has represented to the government that she needs additional time to conduct an investigation into the allegations against her client and to prepare a defense, is not joining the motion to continue.

**C.      There Is Ample Legal Authority to Continue the Trial Date.**

        1.      *In a Case of This Size and Complexity, a Continuance Is Authorized.*

The Speedy Trial Act provides for a number of bases to continue a trial. Pursuant to 18 U.S.C. §§ 3161(h)(7)(A), a trial may be continued, and the resulting delay excluded from the calculation of time in which a trial is to be held, if the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial. Factors that a Court must consider in making this determination include, but are not limited to: (1) whether failure to grant a continuance

---

[7] Mr. Rusk agrees that a continuance is appropriate, but requests that Hawkins' case be set for trial in early December 2020, separate from the other indictments.  Mr. Rusk's position is that the case against Hawkins is not as complex as the other matters and, although it arises from the same investigation, it is a standalone indictment that is not substantively related to the other indictments.

Joint Motion to Continue Trial Date - 8
*U.S. v. Arambula, et al.*.; *U.S. v. Moreno Aguirre, et al.*; *U.S. v. Hawkins; U.S. v. Abercrombie*; *U.S. v. Flores Serna*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

would make proceeding impossible, or result in a miscarriage of justice; (2) whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits set by the Act; and (3) whether the failure to grant a continuance would deny counsel for any party the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv). These linked cases, considered together, constitute an exceptionally large prosecution. The number of defendants, the interconnected indictments, the extensive investigation, and the sheer volume of discovery make it difficult to foresee this case being ready for trial sooner than a year after the arrests.

Accordingly, based on the foregoing facts, "(i) the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," because "(ii)  . . . the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."  Even if the case was not "complex" within the meaning of subsection (ii), a continuance would nonetheless be appropriate under subsection (iv), because "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

2.      *In a Multi-Defendant Case, the Court Can Overrule the Few Objections to a Continuance.*

The parties who join this motion understand that some defendants have objected to the continuance or to its proposed length. These objections can and should be overruled. The Speedy Trial Act explicitly provides that, "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," the delay in bringing that defendant to trial is excluded from the time period in which trial must be held. 18 U.S.C. § 3161(h)(6). Thus, in multi-defendant cases, a reasonable trial continuance as to any defendant tolls the Speedy Trial Act period

Joint Motion to Continue Trial Date - 9
*U.S. v. Arambula, et al..; U.S. v. Moreno Aguirre, et al.; U.S. v. Hawkins; U.S. v. Abercrombie; U.S. v. Flores Serna*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    as to all joined co-defendants, even those who object to a trial continuance or who refuse

2    to submit a waiver under the Speedy Trial Act. Here, objecting defendants are joined in

3    cases with other defendants who not only do not object to a continuance, but are actively

4    seeking a continuance and agree that it is necessary under the circumstances. Thus, if the

5    Court agrees that a continuance in the June 2022 timeframe is appropriate under the

6    Speedy Trial Act—which is the position of the overwhelming majority of the attorneys

7    involved in this matter, all of whom have extensive experience in criminal defense

8    work—any objections to the requested continuance should be overruled.

9           **D.      A Continuance Is Necessary.**

10          A significant continuance to a date certain, most appropriately to June 6, 2022, is

11   both necessary and appropriate. These related cases are quite complex. All of these

12   indictments arise out of a years-long investigation into the distribution of significant

13   quantities of drugs over a lengthy period of time. The conspiracy involved extensive

14   physical and electronic surveillance, court-authorized searches and interceptions,

15   debriefing of numerous individuals, and other investigative techniques. To say the

16   discovery is voluminous is an understatement. It includes data extracted from dozens of

17   cellular devices, GPS and pen register/trap and trace data for dozens of cellular phones,

18   numerous surveillance photographs, many hours of surveillance and pole camera videos,

19   hundreds of photographs documenting the searches of over approximately 60 locations,

20   and more than a thousand law enforcement reports. There is also a considerable volume

21   of physical evidence seized during the many search warrants executed in this case. While

22   tens of thousands of pages of discovery have already been provided, much of the

23   discovery is still being organized and has yet to be produced. Once it is produced, the

24   defense will need substantial additional time to review and analyze the evidence prior to

25   filing of pretrial motions and preparation for trial.

26          In addition, as set forth above, the government anticipates superseding the

27   indictments to add additional substantive counts, based in part on further analysis of the

28   financial evidence (which is still being gathered) as well as evidence recovered during the

Joint Motion to Continue Trial Date - 10
*U.S. v. Arambula, et al..; U.S. v. Moreno Aguirre, et al.; U.S. v. Hawkins; U.S. v.*
*Abercrombie; U.S. v. Flores Serna*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

execution of the search warrants. The government also anticipates that the superseding indictment would join a number of defendants in the same case, or the government may simply move to join any cases still pending trial as the trial date approaches.

In this case, most of the defendants agree that a lengthy continuance is necessary to permit further trial preparation. The parties to this motion all stipulate and agree that the ends of justice served by a continuance outweigh the best interests of the public and each defendant in a more speedy trial. The failure to grant a continuance based upon the government's and defendants' need to prepare the matter for trial would result in a miscarriage of justice by denying the parties the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.

In addition, while not in itself a basis for the continuance, a trial date in June 2022 will also give the parties an opportunity to attempt to resolve at least some of the charges short of trial. Indeed, many defendants have already begun such conversations.

The parties are well aware that it would be virtually impossible to try all 39 defendants—or even a large fraction thereof—at the same time. Of course, as the Court well knows, the reality of federal criminal practice is that relatively few of these defendants will actually proceed to trial. Nonetheless, because of the possibility that many defendants may remain in the case as trial approaches, and because of the complexity of the case and the volume of discovery, the parties propose that the Court schedule a status conference for November 9, 2021, consistent with the status conference already set in the earlier, related cases. At this conference, the Court could both enter a case management order, setting forth deadlines for any remaining discovery to be produced and ordering a briefing schedule, and also address how to proceed with the number of defendants remaining in the case at that time.

//

//

//

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

### V.    CONCLUSION

3    For the reasons set forth above, the parties to this motion jointly and respectfully

4 ask this Court to continue trial in this matter to June 6, 2022, and to set a status

5 conference on November 9, 2021. The defendants joining this motion will file speedy

6 trial waivers to accommodate such a continuance.

7    DATED this 6th day of August, 2021.

8                                    Respectfully submitted,

9                                    TESSA M. GORMAN
                                     Acting United States Attorney
10

11                                   */s/ Erin H. Becker*
                                     ERIN H. BECKER
12                                   LYNDSIE R. SCHMALZ
                                     Assistant United States Attorney
13                                   700 Stewart Street, Suite 5220
14                                   Seattle, Washington 98101
                                     Phone: 206-553-7970
15                                   E-mail: Erin.Becker@usdoj.gov
16

17

18 Approved via email:

19

20

***United States v. Arambula, et al.***
***CR21-107 RSM***

21

22 */s/ Arturo Menéndez*_____        */s/ Cathy Gormley*_____
    ARTURO MENÉNDEZ                     CATHY GORMLEY
23 Attorney for Cesar Arambula          Attorney for Raul Barreto Bejines

24

25

***United States v. Moreno Aguirre, et al.***
***CR21-108 RSM***

26

27

28 */s/ Karen L. Unger*_____          Attorney for Rafael Ramirez
    KAREN L. UNGER                      */s/ Fatima Dilek*_____

Joint Motion to Continue Trial Date - 12
*U.S. v. Arambula, et al..; U.S. v. Moreno Aguirre, et al.; U.S. v. Hawkins; U.S. v.*
*Abercrombie; U.S. v. Flores Serna*

1  FATIMA DILEK                            Attorney for David William Armer
   Attorney for Samuel Duarte Avila        */s/ Gregory Lee Scott*
2  */s/ Robert W. Goldsmith*               GREGORY LEE SCOTT
3  ROBERT W. GOLDSMITH                     Attorney for Brett David Radcliff
   Attorney for Sergio Reyes-Pina
4
                                           */s/ Robert Flennaugh, II*
5  */s/ Emma Scanlan*                      ROBERT FLENNAUGH, II
   EMMA SCANLAN                            Attorney for Herbert Dean Scott, Jr.
6  Attorney for Elyas Mohamed Kerow
7
                                           */s/ Nadine Bertman*
   */s/ Richard A. Smith*                  NADINE BERTMAN
8  RICHARD A. SMITH                        Attorney for Viet Phi Nguyen
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joint Motion to Continue Trial Date - 2
*U.S. v. Arambula, et al..*; *U.S. v. Moreno Aguirre, et al.*; *U.S. v. Hawkins*; *U.S. v.
Abercrombie*; *U.S. v. Flores Serna*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

*United States v. Kendle Rashen Hawkins*
**CR21-5213 RSM**

*/s/ Timothy C. Rusk*
TIMOTHY C. RUSK
Attorney for Kendle Rashen Hawkins


*United States v. Humberto Flores Serna*
**CR21-5251 RSM**

*/s/ Nicholas Ross Andrews*
NICHOLAS ROSS ANDREWS
Attorney for Humberto Flores Serna


CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2021, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the attorney(s) of record for the defendant(s).

*s/Lissette Duran*
LISSETTE DURAN
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7234
E-mail: Lissette.I.Duran@usdoj.gov

Joint Motion to Continue Trial Date - 1
*U.S. v. Arambula, et al..*; *U.S. v. Moreno Aguirre, et al.*; *U.S. v. Hawkins; U.S. v. Abercrombie*; *U.S. v. Flores Serna*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970